and offset its damages, and have an affirmative judgment in case such damages exceed the sum plaintiff is entitled to recover for goods delivered and not paid for, a final judgment could be pronounced, without the expense and delay of a retrial. The further proceedings in this court can be determined on a settlement of findings. If the parties do not otherwise agree, I fix the 6th day of July, at 11 a. m., at Norwich, N. Y., as the time and place for such hearing and settlement of findings.

WILLIAM MOORE KNITTING CO. v. ROXFORD KNITTING CO.

(District Court, N. D. New York. July 1, 1918.)

At Law. Action by the William Moore Knitting Company against the Roxford Knitting Company. Judgment for plaintiff.

RAY, District Judge. The facts in this case are so similar to those in Moore & Tierney v. Roxford Knitting Co., 250 Fed. 278, just decided, that a separate opinion is not demanded.

The decision here is the same as in that case.

In re WILLIAMS et al.

(District Court, E. D. Pennsylvania. June 13, 1918.)

No. 6207.

BANKRUPTCY ⬿143(12)—INSURANCE POLICIES—RIGHT OF TRUSTEE.

Under Bankruptcy Act July 1, 1898, c. 541, 30 Stat. 544, vesting the trustee with the title of the bankrupt to documents relating to his property, powers which he might exercise for his own benefit, property transferred in fraud of creditors, and property the title to which he could have passed, or which was subject to execution process at the instance of his creditors, with the proviso that the bankrupt might reclaim any insurance policy having a cash surrender value payable to himself or estate, and hold the same clear of any claims of creditors, by payment of the cash surrender value to the trustee, insurance policies on the life of the bankrupt, which were fully paid and which yielded annual dividends, did not pass to the trustee, where they had all been borrowed upon to their full loan value, and the interest on the loans exceeded the dividends, for the trustee, if he offered the policies for cancellation, would receive nothing, and in view of the nature of the contract of insurance, and the purposes of the proviso, he should not be allowed to thus forfeit any advantage which the bankrupt or his beneficiaries might derive from continuing the policies.

In Bankruptcy. In the matter of the bankruptcy of Harvey Williams and William F. Parry, individually and trading as the Electric Service or Logan Electric Service Company. Sur certificate of referee for review of an order denying claim of the trustee to certain policies of insurance on the life of the bankrupt. Order confirmed, and petition for review denied.

A. W. Horton and Alfred T. Steinmetz, both of Philadelphia, Pa., for trustee petitioner.

Edgar N. Black, of Philadelphia, Pa., for bankrupt.

⬿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes